WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Henry Mario Martinez,<br><br>Plaintiff,<br><br>vs.<br><br>Michael Astrue, Commissioner of Social Security,<br><br>Defendant. | No. 10-221-TUC-TUC-BPV<br><br>**ORDER** |

Plaintiff, Henry Mario Martinez, suffers from the impairments of chronic lower back pain following a workplace injury on March 23, 2006, and extreme obesity. Plaintiff also has hypertension, a fractured left ankle and metatarsal in October 2006 (healed), and in June 2008, tore a meniscus in his knee. His Full Scale IQ test result from the Wechlser Adult Intelligence Scales resulted in the Borderline Intellectual Functioning range.

Plaintiff applied for disability benefits on June 27, 2006, claiming to be disabled since March 23, 2006. Tr. 66-68, 83-85, 93-95. The application was denied. Tr. 24-25, 36-38, 41-43. A hearing before an Administrative Law Judge (ALJ) was held on October 20, 2008. Tr. 477-542. The ALJ issued a written decision on January 12, 2009, finding Plaintiff not disabled within the meaning of the Social Security Act. Tr. 9-20. This decision became Defendant's final decision when the Appeals Council denied review. Tr. 3-5.

Plaintiff now brings this action for review of the final decision of the Commissioner for Social Security pursuant to 42 U.S.C. §§ 405(g). The United States

1 Magistrate Judge has received the written consent of both parties, and, accordingly, presides over this case pursuant to 28 U.S.C. § 636 (c) and Fed.R.Civ.P. 73.

After considering the record before the Court and the parties' briefing of the issues, the Court vacates Defendant's denial of Martinez's request for benefits, and remands to the Commissioner for further proceedings.

## I. STANDARD OF REVIEW

The Court has the "power to enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The court will set aside a denial of benefits only if the Commissioner's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir. 1984) (citing *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir.1982), *Thompson v. Schweiker*, 665 F.2d 936, 939 (9th Cir, 1982); 42 U.S.C. § 405(g)). In determining whether there is substantial evidence, the Court must consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

## II. DISCUSSION

Whether a claimant is disabled is determined using a five-step evaluation process. To establish disability, the claimant must show (1) he has not worked since the alleged disability onset date, (2) he has a severe impairment, and (3) his impairment meets or equals a listed impairment or (4) his residual functional capacity (RFC) precludes him from performing his past work. At step five, the Commissioner must show that the claimant is able to perform other work. *See* 20 C.F.R. §§ 404.1520.

Plaintiff has met his burden. He has not worked since March 23, 2006. Tr. 14, ¶ 2. He has two severe impairments: lumbar back pain and obesity. Tr. 14, ¶ 3. While those impairments do not meet or equal a listed impairment (Tr. 15, ¶ 4), they do preclude Plaintiff from performing his past work as an air conditioning installer (Tr. 18, ¶ 6). At

step five, the ALJ concluded that Plaintiff is not disabled because he has the RFC to perform sedentary work with standing, lifting, carrying, pushing, pulling, bending, rotating, squatting, standing and walking limitations, with allowances for position changes as needed. Tr. 15-18, ¶¶ 5, 9-11.

Plaintiff contends that the ALJ erred by failing to properly evaluate the opinions of Plaintiff's treating physicians and lay persons; by failing to properly evaluate the credibility of Plaintiff; and by using a faulty hypothetical and failing to properly consider the vocational expert's testimony based on all the evidence. (Doc. 20, 26) Defendant contends that the ALJ did not err and his decision is supported by substantial evidence. (Doc. 25)

Plaintiff maintains that by failing to properly evaluate the opinions of Plaintiff's physicians and the lay witnesses, and by failing to properly assess Plaintiff's credibility, the ALJ failed to properly consider Plaintiff's ability to perform sustainable work. An applicant's ability to perform sustainable work should be assessed against a standard work week in a realistic work setting. SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) (stating, in part, that "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule."); *see also Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989 (suggesting that an applicant's ability to perform work tasks should be assessed in the context of "the more grueling environment of the workplace," and that in some environments "it might be impossible to periodically rest or take medication").

Dr. Christiano, Plaintiff's treating physician, noted that, more than two years after Plaintiff's injury, Plaintiff has a "degenerative back condition confirmed by an MRI scan showing a diffuse central disc bulge at L4-5 with bilateral neuroforaminal narrowing and an annular tear at L5-S1 with moderate to severe left foraminal narrowing/stenosis and at L4-5 severe right foraminal stenosis." Tr. 469. Dr. Christiano opined that Plaintiff would not be able to work a full day because of pain and limitations in his back. *Id*. He also

noted that there would be days that Plaintiff would miss work because of exacerbations of his back condition. *Id.* Dr. Prust, Plaintiffs' treating pain specialist, agreed with Dr. Christiano's findings and recommendations. Tr. 471.

As Plaintiff's treating physicians, Drs. Christiano's and Prust's opinions are entitled to "special weight," and if the ALJ chooses to disregard them, he must, at a minimum, "'set forth specific, legitimate reasons for doing so, and this decision itself must itself be based on substantial evidence.'" *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988)) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (1986)). The ALJ can meet this burden "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Embrey*, 849 F.2d at 421).

The ALJ rejected the treating physicians' shared opinion that Plaintiff would miss work because of exacerbations of his back condition because the letter was "not explicit as to how many days would likely be missed, and so does not preclude Mr. Martinez from regular work." Tr. 17. The ALJ did not comment on the physicians' opinion that Plaintiff would not be able to work a full day.

Rather than relying on this incomplete or ambiguous evidence as cause to reject the physicians' opinions, the incomplete or ambiguous evidence should have triggered the ALJ's duty to develop the record further. "Ambiguous evidence or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996); *Armstrong v. Commissioner of Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir.1998)). This duty may require that the ALJ obtain additional information by, *inter alia*, subpoenaing treating physicians, submitting questions to the claimant's physicians, scheduling consultative examinations, calling a medical expert, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record. *See id* (citing *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir.1998); *Smolen*, 80 F.3d at 1288.); *see*

1 *also* 20 C.F.R. §§ 404.1512(e)-(f), 404.1519a.

In this case, this duty was especially heightened by the additional testimony from both Plaintiff and the lay witnesses that was entirely consistent with Drs. Prust's and Christiano's opinions. The ALJ acknowledged that Plaintiff testified that at the time of the hearing that Plaintiff was presently working in a job performing at light to medium work capacity, walking for four hours a day, but that he must change position frequently due to his back pain. Tr. 16. The ALJ, however, did not acknowledge that the job was one created for the Plaintiff by his sister, that he doesn't work if he doesn't feel good, if he's tired, or if his back is sore, and that Plaintiff affirmed that if they weren't "brother and sister" he would have been "fired by now." Tr. 484-85. Plaintiff also testified that he didn't think he could stay at a job sitting all day. Tr. 506. Plaintiff's sister, Ms. Carrizosa, testified that she did in fact create the job for Plaintiff, which he started with a lot of responsibility in the job, but this decreased as they saw he wasn't able to handle it, and that on some days, when he was not feeling well, he would not complete his assignments. Tr. 508. Ms. Carrizosa testified that Plaintiff started out working between 30 and 40 hours per week, but that this was adjusted back to about 20 hours a week because that is about all he could handle. Tr. 509. Ms. Carrizosa testified that at first he would sometimes leave work in pain, or leave work early, and wouldn't show up to work the following days, or started missing days, but that this was often after doing a lot of lifting or bending. Tr. 509. Since that time they have adjusted the job to require less lifting, and allow him to take a lot of rests and breaks. Tr. 510. Ms. Carrizosa stated that "with the standing, with the sitting, with everything, he can do a little bit of everything but not for very long." Tr. 510. Ms. Carrizosa thinks that he is not capable of working more than 20 hours. Tr. 511

Patsy Padilla, another sibling, filled out a function report, noting that when she sees Plaintiff he "is in pain or tired from not sleeping," that he "can't do all the chores he used to do," he can't enjoy his hobby, bowling, that he can't stand for a long time, or even sit, but that he does shop for "food, clothes and household items." Tr. 111-118.

| | |
|---|---|
| 1 | Defendant asserts that the ALJ acknowledged the lay witnesses testimony and gave them "significant weight." (Doc. 25, p.9) Defendant submits that the ALJ acknowledged that Plaintiff was engaged in "sheltered work" with Ms. Carrizosa, but that Plaintiff was performing the job at "a light to medium level, with constant lifting, carrying, and walking for four hours per day." (*Id.*, citing Tr. 16.) Defendant asserts that, although the ALJ did not specifically discuss Ms. Padilla's report with regard to Plaintiff's activities of daily living, Ms. Padilla's statements supported the ALJ's findings that Plaintiff's subjective complaints were not fully credible, and thus, to the extent the ALJ erred by not discussing lay witness statements, the error was harmless. |

"In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006); *see* 20 C.F.R. §§ 404.1513(d)(4), 404.1545(a)(3). Indeed, because statements from family members may provide insight into the severity of the impairments and how they affect the claimant's ability to function, *see* SSR 06-03p, 2006 WL 2329939, at *2 (Aug. 9, 2006), such statements constitute "competent evidence … and therefore *cannot* be disregarded without comment." *Stout*, 454 F.3d at 1053 (quoting *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir.1996)(*emphasis in the original*); *see also Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir.2001) (the ALJ must consider lay witness testimony unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so"). The ALJ acknowledged that Ms. Carrizosa allows Plaintiff to miss work whenever he is having back pain. Tr. 14, ¶ 2. The ALJ rejected this limitation in determining Plaintiff's ability to perform sustained work without comment, however, and committed reversible error in doing so. *Stout*, 454 F.3d at 1056 ("[W]e, along with our sister circuits, have consistently reversed the Commissioner's decision for failure to comment on [lay witness] testimony."); *Smolen,* 80 F.3d at 1288 ("Disregard of the testimony of friends and family members violates 20 C.F.R. § 404.1513[.]").

The ALJ found Plaintiff's medically-determinable impairments – lumbar back

pain and obesity – "could reasonably be expected to cause" the symptoms Plaintiff alleged. Tr. 16. The ALJ nonetheless concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." *Id.*

Because the ALJ made no finding of malingering, the ALJ's reasons for discrediting Plaintiff's testimony must be "clear and convincing." *See Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995). ("Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be 'clear and convincing.'")

While an ALJ is responsible for determining the credibility of a claimant, an ALJ cannot reject a claimant's testimony without giving clear and convincing reasons. *Holohan v. Massanari,* 246 F.3d 1195, 1208 (9th Cir. 2001) (citing *Reddick,* 157 F.3d at 722.) In addition, the ALJ must specifically identify the testimony she finds not to be credible and must explain what evidence undermines the testimony. *Id.* The evidence upon which the ALJ relies must be substantial. *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995); *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir.1991) (*en banc* ). The ALJ failed to identify specifically what symptoms and testimony provided by the Plaintiff were inconsistent and unpersuasive. *Holohan*, 246 3d at 1208. General findings are insufficient; rather the ALJ must identify what evidence is not credible and what evidence undermines Plaintiff's complaints. *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993).

While it is not this Court's role to second guess the ALJ's interpretation, the findings made in rejecting the subjective complaints must be specific to provide the Court enough information to determine that the ALJ did not reject the claim arbitrarily, but based his decision on permissible factors. *Orteza*, 50 F.3d at 750; *Bunnell,* 947 F.2d at 345-46. The reasons cited for the ALJ's adverse credibility finding do not satisfy the demanding specific, clear and convincing standard.

The Court concludes the ALJ did not adequately assess Plaintiff's ability to

maintain sustainable work during a standard work week in a realistic work setting. The ALJ's analysis focused primarily on Plaintiff's reported activities of daily living and how these activities somehow rendered his statements concerning the intensity, persistence and limiting effects of his symptoms "not credible."

Finally, the ALJ considered IQ testing performed by Jeffrey Zabel, Ph.D., in August 2008, which placed Plaintiff in the borderline range of intellectual functioning (Tr. 136). As the ALJ noted, in spite of Plaintiff's low IQ scores, he successfully completed high school, and he had functioned very well in the labor market as an air conditioner installer for approximately 25 years, and had taken drafting classes (Tr. 15). Thus, the ALJ concluded that any asserted cognitive limitation appeared to have no limiting effect on Plaintiff's ability to perform *unskilled* work, and accordingly, proposed such a hypothetical to the vocational expert. Tr. 15, 531. Accordingly, the ALJ did not err by failing to include any cognitive limitations in the hypothetical presented to the vocational expert.[1]

In sum, there is evidence in the record that suggests that Plaintiff might miss work or be able to work less than a full day because of pain and limitations in his back. (Tr. 469, 471) It was error for the ALJ to reject this limitation because of Plaintiff's ability to work at a light to moderate level of work for less than a full work week in an unrealistic work setting. The Court will remand for further proceedings for the ALJ to develop the record in this regard as it relates to the sustainable performance of sedentary work, with the limitations as determined by the ALJ, in a realistic work setting.[2]

---

[1] Unskilled work is defined as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568(a).

[2] The treating physicians' opinion, lay witness testimony, and Plaintiff's testimony, discuss Plaintiff missing work, showing up to work late, or leaving work early, all in the context of the work he performs for his sister, which Dr. Christiano

Additionally, though there is evidence in the record that Plaintiff can sustain work at a sedentary level of exertion, albeit with significant limitations (Tr. 162-170, 301-315, 437-446, 466), there is also evidence in the record that Plaintiff may be unable to sit for prolonged periods of time (Tr. 115, 142, 492, 505), and may also suffer from side effects from his medications which would need to be considered in certain types of employment (Tr. 113, 137, 494). There is also evidence in the record that sitting may not be a significant limitation for Plaintiff (Tr. 440, 487, 492). The ALJ did not specifically address the conflicting evidence regarding Plaintiff's ability to sit, and/or side effects of Plaintiff's medication as it relates to Plaintiff's ability to perform sustainable work. On remand, the Court will require further consideration by the ALJ regarding Plaintiff's ability to sit and the side effects of Plaintiff's medications consistent with this opinion.

For the reasons above, the Court will remand to the Commissioner for additional proceedings consistent with this order. The Commissioner shall consider the combined effects of Plaintiff's impairments on Plaintiff's ability to perform sustainable work during a standard work-week in a realistic work setting.

### III. REMEDY

The Court has discretion to remand for further development of the record or for an award benefits. 42 U.S.C. § 405(g); *see Harman v. Apfel*, 211 F.3d 1172, 1173-74 (9th Cir. 2000). Plaintiff asks the Court to consider granting him disability status based upon the opinions of his treating physicians and Plaintiff's testimony regarding his subjective complaints. (Doc. 20, p. 31.)

The Ninth Circuit has held that evidence should be credited as true, and an action remanded for an award of benefits, where three conditions are met: the ALJ has failed to provide legally sufficient reasons for rejecting evidence, no outstanding issue remains that must be resolved before a determination of disability can be made, and it is clear from the record that the ALJ would be required to find the claimant disabled were the

---

describes as "the perfect job" for Plaintiff, but, as described by the ALJ, is a "light exertional" job.

rejected evidence credited as true. *See, e.g., Varney v. Sec'y of HHS*, 859 F.2d 1396, 1400 (9th Cir. 1988). In this case, the record requires further development. A remand for further proceedings is therefore appropriate.

IT IS ORDERED:

    1. Defendant's decision denying disability insurance benefits is reversed.

    2. The case is remanded to Defendant for further proceedings.

    3. The Clerk is directed to enter judgment accordingly.

Dated this 20th day of September, 2011.

_____
Bernardo P. Velasco
United States Magistrate Judge